FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

JUN 20 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MARIA ESTHER LUGO | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO. 5:24-cv-1230-XR |
| | § | |
| LIFE TIME, INC., TECHNOGYM USA CORP., | § | |
| AND TECHNOGYM CORP. | § | |
| | § | |
| *Defendant* | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES MARIA ESTHER LUGO,** referred to by name or as Plaintiff, and files this First Amended Complaint, and complains of Defendants, **LIFE TIME, INC., TECHNOGYM USA CORP.,** and **TECHNOGYM CORP.** hereinafter referred to as Defendant(s), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends that discovery be conducted under level 3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

Plaintiff **MARIA ESTHER LUGO** is an individual residing in Bexar County, Texas.

Defendant **LIFE TIME, INC.** is an entity that conducts a for-profit business in the State of Texas who can be served with process by delivering to its Registered Agent, National Registered Agents, Inc, 1999 Bryan St. Ste. 900, Dallas, Texas, 75201. (Citation Requested).

Defendant **TECHNOGYM USA CORP.** is a foreign entity that conducts a significant amount of business in the State of Texas, who can be served with process by delivering to its

registered agent, National Registered Agents, Inc, C T Corporation System, 28 Liberty St., New York, NY, 10005 (Citation Requested).

Defendant **TECHNOGYM CORP.** is a foreign entity that conducts a significant amount of business in the State of Texas, who can be served with process by delivering to its registered agent, National Registered Agents, Inc, C T Corporation System, 28 Liberty St., New York, NY, 10005 (Citation Requested).

### III.
### JURISDICTION & VENUE

This Court has jurisdiction over the parties under 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this district.

### IV.
### FACTS

On or about July 20, 2023, Plaintiff, MARIA ESTHER LUGO, was an invitee to Life Time, Inc located at 5639 Worth Pkwy, San Antonio, Tx 78257. Plaintiff approached the StairMaster machine, designed and manufactured by Technogym USA Corp. and Technogym Corp., and as she stepped on the machine there was no resistance which caused her to fall forward injuring herself on the equipment. This caused severe injuries to Plaintiff's body, as more fully set forth below. The unreasonably dangerous condition caused on Defendant, Life Time Inc.'s premises, proximately caused Plaintiff's injuries and the need for her subsequent medical treatment.

Defendants breached their duty of care they owed to Plaintiff as an invitee and were all negligent and grossly negligent in their failure to exercise ordinary care in the safety of Plaintiff, designing the machine, manufacturing the machine, and maintaining the machine. Consequently,

Plaintiff was an invitee to whom the Defendant, Life Time, Inc., owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence. Plaintiff seeks all applicable damages available under Texas law.

The above-referenced acts and/or omissions by the Defendant constitute malice and/or gross negligence. Defendant was heedless and reckless, their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

## V.
## CAUSES OF ACTION AGAINST LIFE TIME INC.

### *NEGLIGENCE*

On the occasion in question, the Defendants are guilty of negligence towards the Plaintiff in the following respects:

    a.    Failing to warn Plaintiff, of the hazards of an unreasonably dangerous condition on Defendants' premises;

    b.    Allowing a dangerous condition to exist, so that Plaintiff would be injured;

    d.    Failing to provide for the safety of Plaintiff under the circumstances;

    f.    Negligently maintaining equipment in question in such a way so as to constitute a negligent activity;

    g.    Failing to warn Plaintiff that there was a dangerous condition which required extra care to be taken while working out in the gym facility;

    j.    Failing to remove the dangerous condition or warn of its existence; and

    k.    Such other and further acts of negligence as may be established through the discovery phase of this lawsuit.

Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this

suit, and was a proximate cause of Plaintiff's injuries and damages.

## PREMISES LIABILITY

The Plaintiff was an invitee on the premises, because she entered the Defendants' premises with Defendants' knowledge. As such, Defendant owed Plaintiff a duty of ordinary care to adequately warn her of conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe. Defendant knew or should have known that the equipment in question was negligently maintained, such that it created a dangerous condition, posing an unreasonable risk of harm to the Plaintiff or others similarly situated. However, Defendant breached its duty of ordinary care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Plaintiff seeks all applicable damages available under Texas law. Each and all of the foregoing acts and or omissions were negligent and constituted negligence and were each and all the proximate cause of the incident which forms the basis of this suit, and was a proximate cause of Plaintiff's injuries and damages.

## GROSS NEGLIGENCE

Defendant Life Time Inc's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant Life Time Inc's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant Life Time Inc. had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated. Specifically, Defendant Life Time Inc. did not safeguard premises as set forth hereinabove; further; Plaintiff was injured because Defendant Life Time Inc. was negligent and grossly negligent in having:

a) No warning signs, tape or barriers;

b) Improper lighting;

c) Failing to maintain the area

d) Failure to repair

The acts and/or omissions by Defendant outlined in this Petition constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, whose actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.

## CAUSES OF ACTION AGAINST TECHNOGYM USA CORP. & TECHNOGYM CORP.

### *PRODUCTS LIABILITY – DESIGN DEFECT*

Plaintiff brings a strict liability claim for design defect against Defendants. Plaintiff would show that Technogym designed the stair stepper machine in question, the machine was defectively designed so that it posed an unreasonable risk of harm when used as intended, there was a safer alternative design that was economically and technologically feasible at the time the product left Technogym's control, and the defective design was a producing cause of Plaintiff's injuries. Specifically, the stair stepper collapsed during normal use, causing Plaintiff to fall and sustain a traumatic brain injury, ACL tear, and other injuries. Plaintiff asserts that a safer design could have prevented the collapse.

### *PRODUCTS LIABILITY – MANUFACTURING DEFECT*

Plaintiff pleads that the stair stepper machine suffered from a manufacturing defect. Plaintiff alleges that the product deviated from its intended design or specifications when it left TECHNOGYM USA CORP's control, the deviation rendered the machine unreasonably dangerous, and the manufacturing defect was a producing cause of Plaintiff's injuries. The stair stepper's failure, despite proper use, supports the inference that this particular unit may have been improperly assembled or subjected to substandard quality control.

### *PRODUCTS LIABILITY – FAILURE TO WARN (MARKETING DEFECT)*

Plaintiff further asserts that Defendants failed to provide adequate warnings or instructions. Specifically, Defendants knew or should have known of risks associated with foreseeable use of the stair stepper, Defendants failed to adequately warn of those risks or instruct on maintenance protocols to prevent machine failure, and the failure to warn was a producing cause of Plaintiff's injuries. Despite prior issues with the machine and prior service visits, no warnings were issued to users or to Life Time Fitness staff regarding continued use or risks of sudden mechanical collapse.

### *NEGLIGENCE*

Plaintiff also pleads negligence against Defendants TECHNOGYM USA CORP. & TECHNOGYM CORP. These Defendants owed a duty to exercise reasonable care in the design, manufacture, testing, and distribution of its equipment. These Defendants breached that duty in one or more of the following ways:

a. Failing to design the stair stepper to be structurally safe;

b. Failing to test the stair stepper adequately before releasing it to market;

c. Failing to issue adequate warnings or recall defective units; and

d. Failing to instruct commercial users on proper inspection and maintenance.

These breaches by said Defendants proximately caused Plaintiff's injuries.

*GROSS NEGLIGENCE*

Plaintiff further asserts that Defendants conduct constituted gross negligence. Specifically, Defendants actions or omissions involved an extreme degree of risk considering the potential harm, Defendants had actual, subjective awareness of the risk, based on internal knowledge of prior failures or similar complaints, and Defendants nevertheless proceeded with conscious indifference to the safety of users like Plaintiff.

## VII.
## CAUSES OF ACTION AGAINST TECHNOGYM USA CORP.

*BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY*

Plaintiff pleads that Defendant TECHNOGYM USA CORP. sold the stair stepper machine to be used for its ordinary purpose (fitness training), Plaintiff and others relied on that use in a foreseeable way, and the machine was not fit for its ordinary use because it catastrophically failed during normal operation. TECHNOGYM USA CORP. thereby breached the implied warranty of merchantability under Tex. Bus. & Com. Code § 2.314.

*BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE*

Additionally, Defendant TECHNOGYM USA CORP. marketed its product for use in commercial gyms, such as Life Time Fitness, for patrons engaging in physical activity, TECHNOGYM USA CORP. knew or had reason to know of this particular purpose, Plaintiff and Life Time Fitness relied on TECHNOGYM USA CORP. expertise in selecting appropriate equipment, and the stair stepper machine was not fit for that purpose and caused injury.

## VIII.
## DAMAGES

As a direct result of the conduct of the Defendants, Plaintiff suffered severe injuries to her body, more specifically her left knee, right leg, head, left anterior forearm, brain, among other injuries. Additionally, as Plaintiff was leaving the premises she began to vomit, immediately showing signs of a concussion and traumatic brain injury. These injuries are permanent in nature.

The injuries have had a serious effect on Plaintiff's health and wellbeing. Many of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of the deterioration of her body for long in to the future if not for the balance of her natural life. As a result of the nature and consequences of his injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life. By reason of all the above Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which this lawsuit is brought.

As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention. These expenses were incurred for the necessary care and treatment of injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for the services.

As a further result of the injuries sustained by Plaintiff, there is reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

Plaintiff affirmatively pleads that she seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees. Plaintiff further seeks mitigated exemplary damages for Defendants' grossly negligent conduct, in an amount not less than three (3) times Plaintiff's actual damages and or in such an amount as may be allowed by law.

Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff deems herself justly entitled at the time of filing this suit, which, with the passage of time, may change.

## IX.
## INTEREST

Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## XI.
## NOTICE OF SELF AUTHENTICATION

Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendants be cited to appear and answer herein, and that upon final trial, the Plaintiff has judgment against Defendants, joint and severally, in an amount within the jurisdictional limits of this Court, for Plaintiff's actual damages, statutory damages, attorneys' fees, pre judgment and post judgment interest as allowed by law, costs of Court, and such other and further relief to which Plaintiff may be justly entitled by law and equity, including but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;

3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage earning capacity;
13. Pre-judgment interest;
14. Post-judgment interest; and
15. Exemplary damages.

Respectfully Submitted,

**Law Office of Jonathan Perez**
Jonathan R. Perez
Texas Bar No. 24102350
10 Dominion Drive
Bldg. 2, Suite 2204
San Antonio, Texas 78257
Phone: (726) 777-1111
Fax. (210) 375-3447
Jonathanperezlaw@gmail.com

**ATTORNEY FOR PLAINTIFF,
MARIA E. LUGO**